UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THOMAS H. LAWS,   Case No. 19-11629-t7
                 Chapter 7
    Debtor.

### CHAPTER 7 TRUSTEE'S MOTION FOR (I) TURNOVER OF 20 BRIARWOOD LN. AND SELECT PERSONAL PROPERTY AND (II) SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER COMPELLING COOPERATION AND § 521

Philip J. Montoya, chapter 7 trustee of the above-captioned bankruptcy estate (the "**Trustee**"), by counsel, hereby moves the Court (i) under 11 U.S.C. § 542(a) to compel turnover of 20 Briarwood Lane, Silver City, New Mexico, as well as select Personal Property (defined below), including firearms, and (ii) for sanctions against the Debtor in connection with his failure to comply with the *Order Granting Chapter 7 Trustee's Motion to Compel Debtor to Cooperate with the Trustee* (Doc. No. 223) (the "**Order**") and his obligations under § 521. In support of this Motion, the Trustee states:

### BACKGROUND

1. On July 12, 2019 (the "**Petition Date**"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On January 2, 2020, the Trustee was appointed as chapter 11 trustee.

3. Pursuant to the *Notice of Conversion to Chapter 7* (Doc. No. 160), filed by the Trustee on April 15, 2020 (the "**Conversion Date**"), this Case was converted to a case under chapter 7 of the bankruptcy code.

4. As disclosed on the Debtor's Schedule A/B, the estate owns real property located in Grant County, New Mexico, commonly known as 20 Briarwood Lane, Silver City, New Mexico (the "**Real Property**").

5. *Inter alia,* the Debtor identified the following property on his Schedule A/B, which the Trustee believes may have value to the estate's creditors once liquidated:

a. Small Peter Hurd Painting – Scheduled at $5,000.00, with a $500.00 exemption under § 522(d)(3);

b. One handgun and three rifles (Weatherby Magnum, Remmington Magnum, 308 Savage) – Scheduled at $1,000.00, with a $1,000.00 exemption under 522(d)(5);

c. Brietling Watch and Wedding Ring – Scheduled at $2,500.00, with a $1,700.00 exemption under 522(d)(5);

d. 2016 Dodge Ram 2500 – Scheduled at $34,208.00, with a $4,000.00 exemption under § 522(d)(2) and a $8,403.00 exemption under § 522(d)(5) and a secured claim against it of $12,061.63 as of the Petition Date. *See* Claim 1.

(the "**Disclosed Personal Property**")

6. In addition to the Disclosed Personal Property, the Trustee subsequently became aware of property owned by the Debtor on the Petition Date which was not disclosed, and which the Trustee may have value to the estate's creditors once liquidated:

a. Hunting and fishing gear, ammunition and supplies;

b. Fishing raft and boat;

c. Remington Semi-Automatic 12ga. Shotgun;

d. .22 Marlin;

e. .45 Taurus Revolver;

f. Hoyt Compound Bow;

g. Handmade Longbow;

h. WWII paratrooper pistol of unknown manufacture;

i. Several other unspecified firearms the Debtor could not specifically recall at his chapter 7 341 meeting;

(the "**Undisclosed Personal Property**") (together with the "**Disclosed Personal Property**," the "**Personal Property**").

7. On July 21, 2020, this Court entered the Order, which directed the Debtor to "fully cooperate with the Trustee's realtor in the efforts to evaluate the Property for sale, and if employment of a realtor and a carve-out agreement are later approved, fully cooperate with the Trustee's efforts to show and sell the [Real] Property." Order, p. 3.

8. On August 24, 2020, this Court entered the *Default Order Granting Joint Motion to Approve Compromise Between Chapter 7 Trustee & Santa Fe Gold Corporation, Including Request for Relief from Automatic Stay as to Real Properties in Grant and Luna Counties* (Doc. No. 288), which, inter alia, approved a carve-out agreement on the Real Property, and approved the listing of the Real Property to a licensed broker.

9. On October 9, 2020, the Trustee and Santa Fe Gold Corporation filed a *Joint Application for Trustee to Employ BK Global Real Estate Services to Procure Consented Public Sale Nunc Pro Tunc and to Employ Better Homes & Gardens (Daniel Cook) as Real Estate Broker Pursuant to 11 U.S.C. § 327* (Doc. No. 247).

**TURNOVER**

10. As set forth in more detail below, the Debtor has failed to provide Mr. Cook access to take pictures of the interior of the Real Property despite repeated attempts.

11. Pursuant to 11 U.S.C. § 542(a), anyone in possession, custody, or control of property which the Trustee may sell use or lease, "shall deliver" that property to the Trustee and account for it, unless it is of inconsequential value or benefit to the estate.

12. Neither the Personal Property nor the Real Property are of inconsequential value or benefit to the estate.

13. Wherefore, the Debtor should be ordered to surrender the Real Property to the Trustee within fourteen (14) days of entry of an order granting this Motion, by tendering the keys to the Real Property to Mr. Daniel Cook, and vacating the Real Property.

14. Wherefore, the Debtor should be ordered to deliver the Personal Property to Bentley & Associates, who the Trustee intends to employ to auction it, within fourteen (14) days of entry of an order granting this Motion.

## SANCTIONS

15. As set forth above in more detail, the Order requires the Debtor to cooperate with the Trustee's real estate broker with respect to the Real Property.

16. Independently of the Order, the Debtor has an obligation to cooperate with the Trustee under § 521(a)(3).

17. Despite the Order and his obligations under § 521(a)(3), the Debtor refused to allow Mr. Cook to take pictures of the interior of the Real Property during his prior visit, and has failed to cooperate with requests for future visits for the same purpose, either putting Mr. Cook off or simply not responding to him.

18. Discussing this issue with Debtor's counsel did not result in it being resolved.

19. The Trustee requests a monetary sanction of $3,000.00, and that he be permitted to recover that sanction from Laws & Company, LLC, the Debtor's business.

## CONCLUSION

The Debtor is in control of Property of the estate which the Trustee desires to liquidate for the benefit of creditors in this case. Further, the Debtor is not cooperating with the Trustee's broker's efforts to take pictures of the interior of the Property. The Trustee believes this is a violation of both the Order and the Debtor's obligations under § 521(a)(3). As a result, the Trustee requests turnover of the Real Property, the Personal Property, and further sanctions against the Debtor.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

I. Pursuant to 11 U.S.C. § 542, ordering the Debtor to surrender the Real Property to the Trustee within fourteen (14) days of entry of an order granting this Motion, by tendering the keys to the Real Property to Mr. Daniel Cook, and vacating the Real Property;

II. Pursuant to 11 U.S.C. § 542, ordering the Debtor deliver the Personal Property to Bentley & Associates within fourteen (14) days of entry of an order granting this Motion;

III. That the Debtor be held in civil contempt for violating the Order;

IV. That the Debtor be ordered to pay, as a sanction for violating the Order and breaching his duties under § 521(a)(3), $3,000.00, which the Trustee be allowed to recover from the Debtor's business, Laws & Company, LLC;

V. The Debtor be ordered to amend his schedules to disclose the Undisclosed Personal Property within fourteen (14) days of entry of an order granting this Motion;

VI. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

ASKEW & WHITE, LLC

By: *s/ filed electronically*
Daniel A. White
1122 Central Ave. SW, Ste. 1
Albuquerque, NM 87102
Telephone: 505.433.3097
Facsimile: 505.717.1494
dwhite@askewwhite.com
*Counsel for the Chapter 7 trustee*

This certifies that on this 27th day of October, 2020, a copy of the foregoing motion was served via the CM-ECF notification system on all parties who have entered an appearance.

s/ *filed electronically*
Daniel A. White