UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THOMAS H. LAWS,

Debtor.

Case No. 19-11629-t7
Chapter 7

## CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY BENTLEY & ASSOCIATES, LLC AS AUCTIONEER AND MOTION TO SELL PERSONAL PROPERTY

Philip J. Montoya, the Chapter 7 Trustee of the above-captioned bankruptcy estate (the "**Trustee**"), by counsel, and pursuant to 11 U.S.C. §§ 327(a) and 363(b) and other applicable law, if any, requests the Court i) approve his employment of Bentley & Associates, LLC ("**Bentley**") to serve as the Trustee's auctioneer, in accordance with the terms and conditions set forth below, and ii) approve the sale of Personal Property (defined below), including firearms. In support of this Application, the Trustee states:

1. On July 12, 2019 (the "**Petition Date**"), Thomas H. Laws (the "**Debtor**"), commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On January 2, 2020, the Trustee was appointed as chapter 11 trustee.

3. Pursuant to the *Notice of Conversion to Chapter 7* (Doc. No. 160), filed by the Trustee on April 15, 2020 (the "**Conversion Date**"), this Case was converted to a case under chapter 7 of the bankruptcy code.

4. *Inter alia,* the Debtor identified the following property on his Schedule A/B, which the Trustee believes may have value to the estate's creditors once liquidated:

    a. Small Peter Hurd Painting – Scheduled at $5,000.00, with a $500.00 exemption under § 522(d)(3);

b. One handgun and three rifles (Weatherby Magnum, Remmington Magnum, 308 Savage) – Scheduled at $1,000.00, with a $1,000.00 exemption under 522(d)(5);

c. Brietling Watch and Wedding Ring – Scheduled at $2,500.00, with a $1,700.00 exemption under 522(d)(5);

d. 2016 Dodge Ram 2500 – Scheduled at $34,208.00, with a $4,000.00 exemption under § 522(d)(2) and a $8,403.00 exemption under § 522(d)(5) and a secured claim against it of $12,061.63 as of the Petition Date. *See* Claim 1.

(the "**Disclosed Personal Property**")

5. In addition to the Disclosed Personal Property, the Trustee subsequently became aware of property owned by the Debtor on the Petition Date which was not disclosed, and which the Trustee may have value to the estate's creditors once liquidated:

a. Hunting and fishing gear, ammunition and supplies;

b. Fishing raft and boat;

c. Remington Semi-Automatic 12ga. Shotgun;

d. .22 Marlin;

e. 45 Taurus Revolver;

f. Hoyt Compound Bow;

g. Handmade Longbow;

h. WWII paratrooper pistol of unknown manufacture;

i. Several other unspecified firearms the Debtor could not specifically recall at his chapter 7 341 meeting;

(the "**Undisclosed Personal Property**") (together with the Disclosed Personal Property, the "**Personal Property**").

6. The Trustee wishes to employ Bentley as his auctioneer for the purpose of auctioning the Personal Property.

7. The Trustee proposes to have Bentley sell the Personal Property at auction. The Personal Property may be sold one item at a time or grouped in lots, depending upon which Bentley believes will generate the most money for that particular item. The Personal Property will be separately accounted for by Bentley. Upon information and belief, the Personal Property is free and clear of liens, claims and other interests.

8. In general, the professional services Bentley would render are:

   a. Inspection, appraisal, and removal of the Personal Property;

   b. Creating a meaningful advertising program for the auction, including determining target market, geographic area, and marketing mix, and marketing medium;

   c. Oversight of design, copying, and printing and distribution of advertisements, as well as placing ads in newspapers and magazines, or on the radio and television, or on the internet, as the sale warrants;

   d. Creating catalogues, lots, and overseeing the auction, which will incorporate ten days of online bidding and a public viewing of items;

   e. Monitor, record, and document the auction and the proceeds generated;

   f. Supervise load out of items bought by buyers; and

   g. Any other services necessary or appropriate to assist the Trustee in conducting an auction, and that Bentley agrees to perform.

10. For Bentley's services, Bentley would charge the Trustee a ten percent (10%) commission on the gross proceeds of the Personal Property. Bentley would also charge buyers at the auction a ten percent (10%) buyer's premium of the purchase price of the Personal Property.

Bentley will not charge the Trustee any other fees for selling the Personal Property. In the past, Bentley has charged $200 per hour for picking up, loading and relocating auction items. Bentley will perform these services but not charge the Trustee its fee.

11. The Trustee has confirmed that Bentley is a licensed, bonded, and insured auctioneer. Bentley is currently bonded through Great American Insurance Company, in the amount of $300,000, and prior to any auction, Bentley will also seek to obtain bonding through the Office of the United States Trustee.

12. Bentley's bond is sufficient to cover the probable value of the Personal Property. The valuation is based upon Bentley's past experience in such matters.

13. <u>The Trustee's Employment of Bentley is in the Best Interest of the Estate</u>. Bentley is well qualified to serve as the Trustee's auctioneer in this case, and the Trustee supports this Application with a discussion of various other factors, as follows:

    a. Bentley has conducted more than 3,500 auctions, with combined gross sales of more than $60,000,000 across the Southwest United States since 1979, and has been in business in Albuquerque since October of 1989;

    b. In the last five years, Bentley has conducted more than 700 commercial and industrial auctions;

    c. Bentley maintains a customer data base, which is updated daily, and contains more than 38,000 customers who attend Bentley's auctions on a regular basis;

    d. Bentley maintains a website on which Bentley posts all auctions and corresponding catalogues, which receives approximately 10,000 hits daily;

    e. For the past six years, Bentley has conducted two surplus auctions a month, each of which has contained more than 3,000 lots;

f. Bentley's auctioneers are members of the National Auctioneer's Association and Neil Bentley and Jeff Bentley have both earned the prestigious CAI designation (Certified Auctioneers Institute); and

g. Specifically, Bentley has auctioned similar property in the past.

14. Upon information and belief, Bentley and its employees have no connections with the Trustee, the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed at the Office of the United States Trustee, except as set forth on the verified disclosure statement, executed pursuant to Fed. R. Bankr. P. 2014, attached hereto as <u>Exhibit A</u>.

15. <u>The Proposed Sale is Fair and Equitable, and is in the Best Interests of and Beneficial to the Debtor's Estate and the Creditors.</u> The Trustee believes that granting this Application would be in the best interest of the bankruptcy estate and its creditors because the auction is the most efficient way to convert assets to cash. Bentley is experienced in selling a variety of items including those items disclosed as the Personal Property, and will likely receive more money than the Trustee would selling the Personal Property on his own.

16. The Trustee requests that Bentley's employment be made effective as of the date of filing this Application.

WHEREFORE, the Trustee requests approval of the Court (i) to employ Bentley as agent for the Trustee to market and sell the Personal Property, pursuant to 11 U.S.C. § 327(a), effective as of the date of filing this Application, (ii) to sell the Personal Property by auction; and (iii) to compensate Bentley as set forth in paragraph 10 above without further Court Order or notice to creditors, and (iv) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

ASKEW & WHITE, LLC

By: *s/ filed electronically*
    Daniel A. White
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    Telephone: (505) 433-3097
    Facsimile: (505) 717-1494
    dwhite@askewwhite.com
*Counsel for the Chapter 7 Trustee*

This certifies that on November 6, 2020, a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case.

*s/ filed electronically*
Daniel A. White