UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THOMAS H. LAWS,  Case No. 19-11629-t7

Debtor.

### ORDER RESULTING FROM JANUARY 11, 2021, STATUS CONFERENCE

THIS MATTER came before the Court on the January 11, 2021, status conference on the Chapter 7 Trustee's Motion for (I) Turnover of 20 Briarwood Ln. and Select Personal Property and (II) Sanctions for Failure to Comply with Court Order Compelling Cooperation and § 521, filed October 27, 2020, doc. 252 (the "Motion"). Appearances were noted on the record. Having considered the record and being otherwise sufficiently advised, the Court HEREBY ORDERS:

1. The Motion's requests for turnover are granted.

2. The Debtor shall turn over the Personal Property (defined in the Motion) to the trustee on or before February 1, 2021.

3. The parties understand that the Debtor asserts that some of the personal property is no longer in his possession, has been disposed of or otherwise cannot be located. The Debtor will use his best efforts to cooperate fully to turnover whatever is in his custody or control.

4. To the extent that any of the Personal Property is not turned over, the trustee shall be entitled to recover the value thereof from the Debtor, to be determined by this Court after further hearing. The foregoing notwithstanding, the Debtor shall not be required to pay the value of any property the Court finds, after notice and a hearing, was not estate property on the petition date.

5. Any property that is ordered to be turned over, that cannot be located by the Debtor at this time, shall remain subject to turnover if later discovered.

6. Nothing in this order obligates the trustee to take possession of property that he determines to be burdensome to the estate after inspection.

7. The auctioneer shall make arrangements directly with the Debtor to go to the residence with the list of property to be turned over, other than the firearms, and determine which items the auctioneer deems worthy of sale (after deducting any relevant exemptions) and documenting which property cannot be located.

8. The trustee may contact Hannah E. Guerrero, the Debtor's daughter, or her husband, Joshua Hunter Guerrero, directly, to arrange turnover of the Debtor's personal property they are storing.

9. The Debtor shall turn over the real property to the trustee on or before February 25, 2021. The keys to the real property shall be delivered to the trustee's broker, Daniel Cook.

10. In the event that the Debtor fails to vacate the real property by February 25, 2021, the Court may take immediate action against the Debtor, including incarceration for contempt of court, without further motion.

11. The trustee's request for sanctions set forth in the Motion is reserved.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: January 21, 2021

Copies to: Counsel of record