UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

In re: Thomas Laws,                                            Case No. 19-11629-t7
Debtor.

Motion to Modify or Clarify Turnover Order
With Regard to Certain Exempt Property

1. The Court entered an order requiring turnover of property on January 21, 2021. (Doc. 287).

2. The order did not address the Debtor's absolute right to exemptions that were claimed and never timely objected to. Code § 522(l).

3. Caselaw is clear that the Trustee cannot obtain turnover of property that is exempt, after the deadline to object to exemptions has passed. *In re Okoinyan*, 135 B.R. 691 (Bankr. S.D. Fla 1991); *In re Grossman*, 80 B.R. 311 (Bankr. E.D. Pa. 1987). If property is partially exempt and partially non-exempt, the Trustee may only obtain turnover of the non-exempt portion. *In re Baily*, 380 B.R. 486 (6th Cir. BAP) (dealing with bank accounts).

4. In the case at bar, there is a truck that is scheduled at $34,208.00, with a $4,000.00 exemption under § 522(d)(2) and a $8,403.00 exemption under § 522(d)(5) and a secured claim against it of $12,061.63. Based on scheduled (Blue Book) values. That leaves approximately $22,000 in equity, of which $12,403 is exempt.

5. At auction, the price received will likely be significantly less, before deducting auctioneer's costs, refurbishment, etc. The exemption cannot be reduced by those expenses. The Trustee will be fortunate to net $5,000 after paying the Debtor his exemption, but that is his right to pursue that remedy.

6. The Debtor, through counsel, asked the Trustee's counsel for payment of his exemption at the time of retrieval of the truck. On information and belief, the funds are on hand. The Trustee never denied it. His counsel stated, instead, that the "Trustee further directed me to make clear to you that he is disinclined to expend estate assets doing Mr. Laws any favors . . . ."

7. Mr. Laws has rights. He is not asking for any favors. In fact, the Trustee's counsel argued that Mr. Laws could have to await until the case is completed to receive payment for his exemptions, a position that appears to have no support.

8. Mr. Laws has agreed to await payment of his exemptions on other personal property (although not indefinitely), but losing his only vehicle will create a hardship. He needs the $12,403 to obtain transportation in his rural area.

9. The Debtor also suggested being allowed to retain the truck until the auction and being paid from the proceeds immediately after.

10. The undersigned could find no caselaw on what happens if the trustee seeks turnover of a physical asset that is partially exempt and partially non-exempt.

11. This involves the interplay between Code §§ 522 and 542. Code § 522(l) makes the Debtor's right to exemption absolute if no party timely objects. The Trustee's right to turnover seems absolute also. The Court needs to fashion some remedy.

12. The Trustee's counsel advised the undersigned that an emergency motion must be filed and a hearing obtained if the Debtor desires to be paid for his exemption at or promptly after the time of turnover. This motion is opposed.

WHEREFORE, the Court's turnover order should be modified or clarified to fashion some relief to deal with the Debtor's exemption rights in order to avoid imposing unnecessary hardship on the Debtor.

Respectfully Submitted,

/s/ Don F. Harris
Don F. Harris
NM Financial & Family Law
Attorneys for Debtor
320 Gold Avenue SW, Suite 1401
Albuquerque, NM 87102
Phone: 505-503-1637
Email: dfh@nmfinanciallaw.com

CERTIFICATE OF SERVICE

I certify that on January 21, 2021, a true and correct copy of the foregoing pleading was filed electronically with the Bankruptcy Court in accordance with the CM/ECF system filing procedures for providing electronic service to the parties of record identified with the Bankruptcy Court.

/s/ Don F. Harris
Don F. Harris